IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 20-3010 |
| | : | |
| **JOHN WETZEL,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                 **July 27, 2020**

Congress bars incarcerated persons from filing complaints in federal court without paying the filing fees if the court already dismissed at least three earlier complaints as frivolous. Charles Talbert filed dozens of complaints while incarcerated in different prisons. We found at least three of them frivolous. On April 5, 2019, we ordered he could no longer file these complaints without paying the filing fees or pleading imminent risk of serious physical injury. Undeterred at his newest prison, Mr. Talbert files this case without paying the filing fees. We denied leave to proceed without paying fees on June 30, 2020 but granted him leave to amend if could plead imminent physical danger. now amends the complaint we screened and dismissed in our June 30, 2020 Order. He realleges injuries he suffered in March 2020 and fear of succumbing to an evaluated but undiagnosed heart infection, both of which we screened and dismissed in recent Orders. He alleges threatened harm from a gang-affiliated incarcerated person in SCI-Phoenix after an officer labeled Mr. Talbert a snitch in March 2020. He does not plead this incarcerated person harmed him. He admits an attack would not happen until after the Department of Corrections relocates both Mr. Talbert and this person to SCI-Dallas. He does not allege when or if this transfer would occur. He requests an injunction to have SCI-Phoenix officers relocate him within SCI-Phoenix in the interim.

Vague threats of future harm set to occur in a different prison is not imminent danger of serious physical injury. We again deny Mr. Talbert's *in forma pauperis* motion and we will dismiss this case if he does not pay the filing fee under our June 30, 2020 Order. We also deny his motion for a preliminary mandatory injunction without prejudice should he timely pay the filing fees.

**I.      Alleged *pro se* facts**

The Department of Corrections transferred Mr. Talbert from SCI-Dallas to SCI-Phoenix "on or about March 10, 2020[.]"[1] Two days after the transfer, two SCI-Phoenix officers used "excessive and unnecessary force against" Mr. Talbert.[2] "[B]etween March 10 [and] March 12, 2020," a different SCI-Phoenix officer "yell[ed]" to the inmates in the segregated housing unit disclosing Mr. Talbert served as a witness in a criminal proceeding.[3] Mr. Talbert grieved against the three SCI-Phoenix officers involved in these early March 2020 incidents.[4] The officers "retaliated" for his grievances by telling a gang-affiliated incarcerated person in SCI-Phoenix Mr. Talbert served as a witness in a criminal proceeding and "direct[ed]" this person to the relevant criminal case.[5] This incarcerated person then "label[ed] [Mr. Talbert as] a snitch" to others in the segregated housing unit.[6] One SCI-Phoenix officer instructed this person to "stab[] [Mr. Talbert]" after the Department of Corrections transfers him and Mr. Talbert back to SCI-Dallas or to arrange to have Mr. Talbert "killed when released."[7] Mr. Talbert does not plead when or if the Department of Corrections will transfer him to SCI-Dallas.[8]

This incarcerated person threatened he intends to "stab [Mr. Talbert]" once the two return to SCI-Dallas.[9] Mr. Talbert "reported" these threats to the SCI-Phoenix officers, but they have "failed" to intervene and protect Mr. Talbert.[10] Mr. Talbert fears other incarcerated persons affiliated with the same gang will harm him but fails to allege any specific threats.[11] He requests

"[i]njunctive relief" for SCI-Phoenix officers to "separate[e]" him and this unidentified incarcerated person threatening him.[12]

The SCI-Phoenix medical staff also failed to adequately diagnose and treat Mr. Talbert's self-diagnosed heart infection.[13] SCI-Phoenix medical practitioners twice examined Mr. Talbert's "swollen" legs and "prescribed something" to treat the swelling.[14] "On July 10, 2020," a member of the SCI-Phoenix medical staff "refused" to give Mr. Talbert his medication for the swelling and his "blood pressure[.]"[15] Mr. Talbert pleads undiagnosed "endocarditis" and does not allege complications from state actors' withholding his prescribed medications.[16]

## II. Analysis

Mr. Talbert amends the complaint we dismissed in our June 30, 2020 Order. He realleges abuse and medical treatment claims we previously dismissed.[17] The issue is whether a threat of future harm which he fears may happen in a different prison at some unknown time and date, assuming both he and the threatening inmate are transferred to this new prison, constitutes imminent danger of serious physical injury to clear Congress's section 1915 screening bar.[18] Mr. Talbert fails to plausibly allege imminent danger of serious physical injury because vague threats of future harm do not clear Congress's screening bar, and he does not plead when or if the Department of Corrections will transfer him and the threatening incarcerated person to SCI-Dallas. We need not consider whether Mr. Talbert is entitled to an injunction until we know the case may proceed.

The Prison Litigation Reform Act ("the Act") requires we deny a prisoner with at least three previous complaints dismissed for being "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" to allege he is "under imminent danger of serious physical injury" from proceeding *in forma pauperis*.[19] Our Court of Appeals has defined "imminent

3

dangers" as those which are "impending[,]" so past instances of serious physical injury do not merit section 1915(g)'s exception.[20]

We detailed Mr. Talbert's history of filing complaints while in prison and his status as a "three-strike" plaintiff in our April 5, 2019 memorandum in *Talbert v. Carney*.[21] Mr. Talbert filed "at least fifty-four lawsuits" in our District by April 2019.[22] He had "at least four" *pro se* complaints dismissed for being frivolous or failing to state a claim from 2013 to 2016.[23] We reviewed his April 2019 complaint in *Talbert v. Carney* under section 1915(g), and required Mr. Talbert plead imminent danger of serious physical injury.[24] We declined his motion to proceed *in forma pauperis* because he did not plead imminent danger.[25] Just last month, we declined Mr. Talbert's motion to proceed *in forma pauperis* after he failed to allege imminent danger of serious physical injury from the same injuries he realleges in this amended complaint.[26] Last week, we also declined Mr. Talbert's motion to proceed *in forma pauperis* concerning his medical treatment claims of self-diagnosed endocarditis he realleges in this amended complaint in this case.[27]

Allegations of future harm against a prison "snitch" do not constitute imminent danger of serious physical injury when they are vague.[28] In *Porter v. Inch*, Mr. Porter alleged his reputation as a "snitch" led to repeated assaults from other incarcerated persons several years before filing and placed him in imminent danger of serious physical injury of future assaults.[29] Judge Cannon denied Mr. Porter's motion to proceed *in forma pauperis* because this allegation lacked "specific[ity], [and] credib[ility.]"[30] The Court of Appeals for the Tenth Circuit affirmed the dismissal of a similarly pleaded complaint and motion to *proceed in forma pauperis* because "fears [of what] will happen in the future" are too remote to meet Congress's exception to section 1915.[31]

Specific threats of future violence from another incarcerated person do not constitute imminent danger of serious physical injury if the threatened violence could occur at a different

prison.[32] In *Reynolds v. Bledsoe*, Mr. Reynolds, a three-strike plaintiff like Mr. Talbert, alleged prison officers failed to protect him after an incarcerated person "assaulted him" and "threatened [him] with future harm."[33] The Bureau of Prisons transferred Mr. Reynolds to a different prison after the threats and assault.[34] Judge McClure denied Mr. Reynolds's *in forma pauperis* motion because, among other reasons, he did not allege his return to the same prison where the assault and threats occurred "in the foreseeable future."[35]

A three-strike plaintiff may meet Congress's imminent danger exception by alleging threatened harm where the threatening person has previously harmed the plaintiff and remains in close proximity.[36] For example, in *Smith v. Clemons*, Mr. Smith alleged he suffered continuous physical abuse from a prison officer in retaliation for his filing complaints against the officer.[37] The officer threatened to inflict "more severe" abuse if the plaintiff did not stop suing him.[38] The Court of Appeals for the Eleventh Circuit affirmed the granting of the plaintiff's *in forma pauperis* motion and considered the threats of "severe violence" credible because the previous physical abuse remained unchecked.[39]

The threatened violence against Mr. Talbert for being a snitch does not constitute imminent danger of serious physical injury because the threatening person has not harmed Mr. Talbert and Mr. Talbert does not plead this person will have the opportunity soon. Feared harm from being labeled a snitch in prison does not constitute imminent danger of serious physical injury because it is a generalized fear about future injury.[40] Congress requires the threat be "impending[,]"[41] not eventual.[42] Threatened future harm alleged to occur in a different prison does not constitute imminent danger of serious physical injury if the plaintiff does not plead a pending transfer to the prison.[43] Mr. Talbert does not plead if or when the Department of Corrections will transfer him to SCI-Dallas.[44] Threatened harm from an incarcerated person who previously injured Mr. Talbert

might merit section 1915's filing exception.[45] But Mr. Talbert alleges eventual harm if he returns to SCI-Dallas, not impending harm in SCI-Phoenix.[46] Threats of future harm in a different setting at some unknown date do not constitute imminent danger of serious physical injury.[47]

### III.     Conclusion

We deny Mr. Talbert's motion to proceed *in forma pauperis*. He claims SCI-Phoenix officers placed him in imminent danger of serious physical injury by telling an incarcerated person he is a snitch. He admits this incarcerated person will not act on the threats until both he and Mr. Talbert are housed in SCI-Dallas. Despite admitting this person will not harm him in SCI-Phoenix Mr. Talbert requests a preliminary mandatory injunction to have SCI-Phoenix officers separate him and the threatening incarcerated person. General threats of future harm against a prison snitch lack temporal specificity to be considered imminent danger of serious physical injury. Even specific threats of harm do not meet Congress's mandate in section 1915 where the harm will occur in a different prison to which the plaintiff does not plead impending return. We require Mr. Talbert pay the required fees. We deny his motion for a preliminary mandatory injunction without prejudice should he proceed and then show a clear indisputable right to the narrowly tailored relief.[48]

---

[1] ECF Doc. No. 12 at ¶ 15.

[2] *Id.* at ¶¶ 19, 21.

[3] *Id.* at ¶ 17.

[4] *Id.* at ¶ 28.

[5] *Id.* at ¶¶ 28-29.

[6] *Id.* at ¶ 30.

[7] *Id.* at ¶ 31.

---

[8] *See Id.* at ¶ 32.

[9] *Id.* at ¶ 32.

[10] *Id.* at ¶ 33.

[11] *Id.*

[12] *Id.* at ¶¶ 13, 33.

[13] *Id.* at ¶¶ 34-42.

[14] *Id.* at ¶¶ 34-36.

[15] *Id.* at ¶ 37.

[16] *See id.* at ¶¶ 39-40.

[17] *Talbert v. Wetzel*, No. 20-3010, 2020 WL 3542334 (E.D. Pa. June 30, 2020) (denying *in forma pauperis* motion because past injuries do not constitute imminent danger of serious physical injury); *Talbert v. Well Path*, No. 20-3401, 2020 WL 4059933 (E.D. Pa. July 20, 2020) (denying *in forma pauperis* motion because a speculated disease and disagreement with professional medical opinion do not constitute imminent danger of serious physical injury).

[18] 28 U.S.C. § 1915(g).  As always, we "liberally construe[]" Mr. Talbert's complaint, *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011), and read his allegations in the light most favorable to him. *See Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998). We require him to allege facts and not "vague and [] conclusory" allegations he is in imminent danger of serious physical injury. *Ball v Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) *rev'd on other grounds, Coleman v. Tollefson*, 135 S.Ct. 1759, 191 L.Ed.2d 803 (2015).

[19] 28 U.S.C. § 1915(g).

[20] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315-16 (3d Cir. 2001).

[21] No. 19-1340, 19-1341, 2019 WL 1516940, at *3 n.19 (E.D. Pa. Apr. 5, 2019).

[22] *Id.* at *3.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Talbert v. Wetzel*, No. 20-3010, 2020 WL 3542334 (E.D. Pa. June 30, 2020).

[27] *Talbert v. Well Path*, No. 20-3401, 2020 WL 4059933 (E.D. Pa. July 20, 2020).

[28] *Porter v. Inch*, No. 20230, 2020 WL 4018612, at *5 (N.D. Fla. June 19, 2020); *Barrett v. Workman*, 486 Fed. App'x 706, 708 (10th Cir. 2012).

[29] *Porter*, at *2, 5.

[30] *Id.* at *5.

[31] *Barrett*, 486 Fed. App'x at 708.

[32] *Reynolds v. Bledsoe*, No. 08-2020, 2008 WL 4900087, at *2 (M.D. Pa. Nov. 12, 2008).

[33] *Id.* at *1.

[34] *Id.* at *2.

[35] *Id.*

[36] *Smith v. Clemons*, 465 Fed. App'x 835, 837 (11th Cir. 2012).

[37] *Id.* at 836.

[38] *Id.* at 837.

[39] *Id.*

[40] *Porter v. Inch*, No. 20230, 2020 WL 4018612, at *5 (N.D. Fla. June 19, 2020); *Barrett v. Workman*, 486 Fed. App'x 706, 708 (10th Cir. 2012).

[41] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315-16 (3d Cir. 2001).

[42] *Barrett*, 486 Fed. App'x at 408.

[43] *Reynolds v. Bledsoe*, No. 08-2020, 2008 WL 4900087, at *2 (M.D. Pa. Nov. 12, 2008).

[44] ECF Doc. No. 12.

[45] *See Smith v. Clemons*, 465 Fed. App'x 835, 837 (11th Cir. 2012).

[46] ECF Doc. No. 12 at ¶ 32.

[47] *Reynolds*, at *2.

[48] A preliminary injunction is required where the plaintiff "demonstrate[s] (1) the reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured

. . . if relief is not granted. . . . (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008). A preliminary "mandatory injunction" is an "extraordinary remedy" which should not be granted lightly. *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972). A court should not grant an injunction where the plaintiff pleads a "remote future injury[.]" *Continental Grp., Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). The plaintiff must plead their "right to relief" is "indisputably clear." *Trinity Indus., Inc., v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013).

Mr. Talbert would need to demonstrate his failure-to-protect claim would likely succeed on the merits to be granted a preliminary injunction. Judge Stark denied a preliminary injunction to a plaintiff alleging more specific claims than Mr. Talbert. *Resop v. Figliola*, No. 15-626, 2015 WL 6453085, at *8 (D. Del. Oct. 23, 2015) (denying a preliminary injunction to plaintiff alleging threats from incarcerated persons in the same prison who assaulted plaintiff several times for being labeled a snitch.) Yet we need not address the merits of Mr. Talbert's claim for a preliminary injunction as he has not cleared Congress's exception to the filing bar under section1915(g).